HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STELLAR J CORPORATION,<br><br>  Plaintiff,<br><br>v.<br><br>UNISON SOLUTIONS, INC., and ARGONAUT INSURANCE COMPANY,<br><br>  Defendants. | CASE NO. C12-5982-RBL<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>(Dkt. #18, 21, 22) |

Plaintiff Stellar J Corporation sued Unison Solutions, Inc. and Argonaut Insurance Company, alleging breach of contract and bad faith. Both Unison and Argonaut move to dismiss. In response, Stellar J moves to amend its complaint. The Motions to Dismiss are DENIED, and the Motion to Amend is GRANTED.

**I. FACTS**

In April 2009, Klickitat Public Utility District contracted with Applied Filter Technology to provide equipment and services for Klickitat PUD's landfill gas cleaning project. AFT, however, was unable to obtain a bond for the project. With Klickitat PUD's consent, AFT assigned its contract with Klickitat PUD to Stellar J. AFT remained obligated to perform work for Klickitat PUD's project under this agreement.

1   In May 2009, AFT contracted with Unison to provide equipment for the project. A

2 month later, Unison obtained a bond from Argonaut, which required Argonaut to pay AFT and

3 Stellar J if Unison failed to provide the necessary equipment under the May agreement.

4   Stellar J sued Unison and Argonaut, alleging that Unison and Argonaut failed to perform

5 their contractual obligations under the May agreement and that Argonaut acted in bad faith by

6 refusing to pay on its bond. Unison and Argonaut move to dismiss Stellar J's claims against

7 them, arguing that Stellar J 1) did not sufficiently plead diversity jurisdiction, 2) failed to join

8 necessary and indispensable parties (Klickitat PUD and AFT), and 3) has failed to state a claim.

9   Stellar J moves to amend its complaint to clarify its allegations about the parties'

10 citizenship, and to include a claim against Argonaut under Washington's Insurance Fair Conduct

11 Act. Argonaut opposes the motion, arguing Stellar J's IFCA amendments would be futile.

12                              **II. DISCUSSION**

13   **1. Unison and Argonaut's Motions to Dismiss are Denied.**

14       **a. Stellar J Sufficiently Pled Diversity Jurisdiction in its Complaint.**

15   Unison and Argonaut argue Stellar J did not sufficiently plead diversity jurisdiction under

16 28 U.S.C. § 1332, because Stellar J did not include both the state of incorporation and the

17 principal place of business for all of the corporate parties in its complaint. Def.'s Mot., Dkt. #18

18 at 5; Def.'s Mot., Dkt. #21 at 4. Unison and Argonaut, however, do not actually dispute the

19 existence of diversity jurisdiction, which is clearly met in this case—the parties are diverse and

20 the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

21   Stellar J's complaint sufficiently established the parties' citizenship. The complaint

22 states Stellar J is a Texas corporation with a principal place of business in Washington. Compl.,

Dkt. #1 at 1–2.  The complaint also states Unison is an Iowa corporation and Argonaut is an Illinois corporation.  Compl., Dkt. #1 at 2.

Even if Stellar J's allegations of citizenship were not sufficient, Stellar J moves to amend its complaint to further clarify the parties' citizenship.  Pl.'s Mot., Dkt. #22 at 5–6.  Thus, the sufficiency of diversity jurisdiction in the original complaint is moot, and Unison and Argonaut's Motions to Dismiss on this basis are DENIED.

### b. Neither Klickitat PUD nor AFT is an Indispensible Party.

Unison and Argonaut also argue that both Klickitat PUD and AFT are necessary and indispensable parties under Federal Rule of Civil Procedure 19, and that Stellar J's failure to join them requires dismissal under Rule 12(b)(7).  Def.'s Mot., Dkt. #18 at 7–9; Def.'s Mot., Dkt. #21 at 4–8.

First, the Court must determine whether an absent party should be joined as a "necessary" party under Rule 19(a).  A party is "necessary" if (a) the Court cannot accord complete relief among the existing parties in that party's absence; or (b) the absent party claims an interest relating to the subject of the suit and is so situated that disposing of the suit in that party's absence may: (i) impair or impede an interest as a practical matter, or (ii) leave existing parties subject to a substantial risk of double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a).

If a necessary party cannot be joined for practical or jurisdictional reasons, the Court must then determine whether in "equity and good conscience" the suit should be dismissed because the party is "indispensable." Fed. R. Civ. P. 19(b).  An indispensible party is a party whose participation is so important to the case's resolution that the suit must be dismissed if the absent party's joinder is not feasible.  *Id.*

3

1    Klickitat PUD is neither a necessary nor an indispensable party.  First, Klickitat PUD is
2 not a party to the contract at issue in this case.  Generally, a nonparty to a commercial contract is
3 not a necessary party to the litigation of rights under that contract.  *See, e.g.*, *Helzberg's*
4 *Diamond Shops, Inc. v. Valley West Des Moines Shopping Center, Inc.*, 564 F.2d 816, 820 (8th
5 Cir. 1977); *Trans Pacific Corp. v. South Seas Enters. Ltd.*, 291 F.2d 435, 436–37 (9th Cir. 1961).
6 Additionally, Klickitat PUD does not have any obligations under the bond between Unison and
7 Argonaut.  Compl., Dkt. #1 at 7–8.  Unison and Argonaut's claims that Klickitat PUD and AFT's
8 separate contract is legally void are also unpersuasive, and it is far from clear that it would be a
9 defense in any event.  *See* Def.'s Mot., Dkt. #18 at 9; Def.'s Mot., Dkt. #21 at 7–8.

10   AFT, however, is a necessary party.  AFT is a party to the contract at issue and has
11 existing obligations under the contract.  Compl., Dkt. #1 at 5–6.  Accordingly, AFT has an
12 interest in the subject matter of this suit as a potential claimant.

13   While AFT is a necessary party, it is not an indispensable party.  AFT can be joined in
14 this lawsuit as a plaintiff without destroying subject matter jurisdiction.  The Court has
15 independent diversity jurisdiction over AFT's claims under 28 U.S.C. § 1332.  AFT is
16 headquartered in Washington State.  Compl., Dkt. #1 at 2.  AFT is therefore diverse from both
17 Unison and Argonaut, and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.
18 AFT's joinder is feasible under Rule 19(a).

19   For these reasons, neither Klickitat PUD nor AFT is an indispensable party requiring
20 dismissal.

1           **c. Stellar J Adequately States a Claim.**

2           Finally, Unison and Argonaut argue Stellar J fails to state a claim under Article 2 of the

3   Uniform Commercial Code, and thus Stellar J's claims should be dismissed under Rule 12(b)(6).

4   Def.'s Mot., Dkt. #18 at 10; Def.'s Mot., Dkt. #21 at 8–10.

5           Dismissal under Rule 12(b)(6) is proper when the complaint fails to allege either a

6   cognizable legal theory or sufficient facts under a cognizable legal theory.  *Shroyer v. New*

7   *Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  Unison and Argonaut

8   argue this case involves a "supply bond" governed by UCC Article 2.  Def.'s Mot., Dkt. #18 at

9   10; Def.'s Mot., Dkt. #21 at 9–10.  They argue Stellar J must sufficiently plead that it rejected

10  Unison's goods, and that Stellar J failed to do so.  Def.'s Mot., Dkt. #18 at 10; Def.'s Mot., Dkt.

11  #21 at 10.  In response, Stellar J argues this case involves a "performance bond" not governed by

12  UCC Article 2, and therefore its failure to plead an element of a UCC claim is irrelevant.  Pl.'s

13  Resp., Dkt. #25 at 14.

14          The type of bond at issue is a factual question that cannot be resolved at this stage.

15  Further, Stellar J's complaint sufficiently alleged a legally cognizable breach of contract claim.

16  Stellar J pled a claim based on its performance of a contract, Unison and Argonaut's breach of

17  that contract, and damages stemming from the breach.  The Motions to Dismiss under Rule

18  12(b)(6) are DENIED.

19      **2. Stellar J's Motion to Amend its Complaint is Granted.**

20          **a. Stellar J Satisfied the Insurance Fair Conduct Act's Notice Requirement.**

21          Under the IFCA, a plaintiff "must provide written notice of the basis for the cause of

22  action to the insurer and office of the insurance commissioner" twenty days before filing an

23  IFCA claim.  Wash. Rev. Code § 48.30.015(8)(a).  Argonaut argues Stellar J failed to comply

24

1  with IFCA's twenty-day notice requirement by amending its complaint to add an IFCA claim
2  based on facts already in the complaint. Def.'s Opp'n, Dkt. #30 at 3–4.

3       Nothing in the IFCA prevents a plaintiff from amending a complaint to add an IFCA
4  claim—even if the IFCA claim is based on facts already in the complaint. Further, the IFCA
5  only requires notice before an IFCA claim is filed. *See* Wash. Rev. Code § 48.30.015(8).

6       Stellar J complied with IFCA's notice requirement for its IFCA claim. In November
7  2012, Stellar J notified Argonaut that it would be seeking remedies under the IFCA. Straus
8  Decl., Dkt. #23 at 1–2. Argonaut did not respond. Straus Decl., Dkt. #23 at 2. After the twenty-
9  day notice period passed, Stellar J moved to amend its complaint to add an IFCA claim. Pl.'s
10 Mot., Dkt. #22. Thus, Stellar J satisfied IFCA's notice requirement.

11                **b. Stellar J is Not Required to Plead Notice for its IFCA Claim.**

12      Argonaut also argues Stellar J failed to plead compliance with IFCA's notice requirement
13 in its Amended Complaint, and therefore the IFCA claim should be dismissed under Rule
14 12(b)(6). Def.'s Opp'n, Dkt. #30 at 4.

15      Stellar J is not required to plead IFCA's notice requirement in its complaint—Stellar J is
16 only required to satisfy IFCA's notice requirements. *See* Wash. Rev. Code § 48.30.015(8). As
17 discussed above, Stellar J satisfied IFCA's twenty-day notice requirement. Dismissal under
18 12(b)(6) is not warranted, and Argonaut's motion is DENIED.

19                **c. The Court Has Subject Matter Jurisdiction Over Stellar J's IFCA Claim**

20      Finally, Argonaut argues the Court does not have subject matter jurisdiction over Stellar
21 J's IFCA claim, because the use of "superior court" in the IFCA vests exclusive jurisdiction in
22 Washington State's Superior Court. Def.'s Opp'n, Dkt. #30 at 6.

23

24

1    Countless IFCA cases have been brought in federal district court since the statute's
2 enactment in 2007.  *See* Pl.'s Resp., Ex. 2, Dkt. #31.  As previously discussed, the Court has
3 diversity jurisdiction over this case under 28 U.S.C. § 1332.  Argonaut does not cite a single case
4 that would prevent the Court from hearing this case under 28 U.S.C. § 1332, and there is no legal
5 or logical support for this novel claim.

     For these reasons, the Court has subject matter jurisdiction over Stellar J's IFCA claim.

### III. CONCLUSION

For the reasons stated above, the Motions to Dismiss (Dkt. #18, 21) are **DENIED**, and the Motion to Amend (Dkt. #22) is **GRANTED.**

Dated this 11th day of April, 2013.

*[signature]*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE