HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STELLAR J. CORPORATION, a Texas corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>ARGONAUT INSURANCE COMPANY, an Illinois corporation,<br><br>                    Defendant.<br><br>and<br><br>UNISON SOLUTIONS, INC., an Iowa corporation,<br><br>     Defendant and Third-Party Plaintiff,<br><br>     v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; XCHANGER, INC., a Minnesota corporation; and RHODE BROTHERS, INC., a Wisconsin corporation,<br><br>                    Third-Party Defendants. | CASE NO. 3:12-cv-05982 RBL<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[DKT# 72] |

## I. Introduction

THIS MATTER is before the Court on Defendant Argonaut's motion for Summary Judgment. Argonaut issued a performance Bond, guaranteeing Stellar J that a subcontractor, Unison, would fulfill its agreement to supply materials to a large power-generating project in Klickitat County.

The project did not go as planned, and Unison ended up walking away without performing. Stellar J sued, seeking payment on Argonaut's bond. Argonaut claims that this lawsuit is time-barred by the terms of that bond. Because it is not, the Motion for Summary Judgment is **DENIED**.

## II. Background

In 2008, Klickitat Public Utility District No. 1 hired Applied Filter Technology, Inc. (AFT) to build a Gas Generation Expansion Project and LFG Cleaning and Compression Package at the H.W. Hill Landfill. This work would draw methane from the landfill, compress the gas, filter out impurities, and convert it to usable energy. Because AFT could not obtain the required bonding, it assigned the agreement to Stellar J. Corporation, which could get a bond. On May 18, 2009, AFT contracted with Unison Solutions, Inc. to deliver some of the materials required for the project. This agreement—the Material Contract— required Union to obtain a bond guaranteeing its performance. Unison obtained a supply bond (Bond) from Argonaut, which guaranteed both Stellar J. and AFT that Unison would perform.

The terms of the purchase are set out in the Material Contract. Unison was obligated to deliver the materials between December 1, 2009 and January 15, 2010. The materials included a

heat exchanger package, a glycol chiller package, a gas compression package, a SAG Siloxane removal package, a PLC control panel and a components common for mechanical packages with certain performance requirements. But Unison's obligations under the contract did not end with delivery.  Indeed, it would not even be paid the last 10% of the price until its materials had undergone "successful testing."

   Argonaut's Bond included a two-part suit limitation. It required Stellar J. to sue within a year of the date that Unison was to deliver the materials, or within a year of the date that Unison "defaulted" under the Material Contract—whichever came first:

> [A]ny suit by the Obligee under this bond must be instituted before the earlier of:  (a) the expiration of one year from the date the Principal was obligated under the Material Contract to deliver the materials to the Obligee; or (b) the expiration of one year from the date of any other default by the Principal under the Material Contract.

[DKT #80 at 7]. The Bond also provides that, if the suit limitation is void, then the minimum limitation period allowed by the State will apply and accrue at the earlier of the date of delivery or the date of breach:

> If the limitation set forth in this bond is void, prohibited by law or unenforceable for any reason, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable, and said period of limitation shall be deemed to have accrued and shall commence to run no later than the earlier of (y) the date the [Unison] was obligated under the Material Contract to deliver the materials to the Obligee, or (z) the date of any other default by the [Unison] under the Material Contract.

*Id*. On April 10, 2012, Stellar J submitted a Proof of Claim to Argonaut, seeking payment on the Bond for the losses caused by Unison's default. Stellar J filed suit against Argonaut and Unison on November 14, 2012. Stellar claims this action accrued in March 2012, when Unison

breached its obligation to perform by failing to provide a chiller unit with the proper capacity per the Material Contract. The Bond indisputably covered all terms and conditions of the Material Contract.

Argonaut argues the one year suit limitation period expired on January 15, 2011, one year from the date of delivery. Stellar J argues[1] that the suit limitation violates public policy because Argonaut's reading would require them to sue before the action even accrued.

### III.   Discussion

#### A.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

---

[1] Stellar J also argues that the term "delivery" is not defined in the Material Contract, and that the materials were never successfully "delivered" because they never met the Material Contract's specifications.

### B. Suit Limitations Clause

Argonaut argues that the suit is untimely because it was filed well over a year after delivery was completed under the Material Contract. Argonaut's Motion does not address the second clause of the Bond's suit limitation, because it claims that "delivery" triggered the period and by the time Unison defaulted, the period had expired.

Stellar J argues that Unison did not breach the Material Contract until March of 2012, when it walked off the job. It argues that its claim against Argonaut accrued at that time. At that time, Unison had failed to provide a chiller unit with the proper capacity, as required by the Material Contract, and Argonaut had not responded to its demand to pay under the Bond.

Stellar J argues that a suit limitation clause purporting to limit the limitations period to less than one year is void under Washington law.

Under Washington Law, a limitation period cannot be less than one year from the date the cause of action accrued:

> (1) No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement…
>> (c) limiting right of action against the insurer to a *period of less than one year from the time when the cause of action accrues* in connection with all insurances other than property and marine and transportation insurances[.]

R.C.W. 48.18.200 (emphasis added). Stellar J.'s claim accrued in March of 2012. Employing the shortest permissible limitation period—one year from the date of accrual—Stellar J had until March of 2013 to file suit. Under Argonaut's reading, the Bond's suit limitation period expired

1  before the cause of action ever accrued. This result is not permissible under Washington law, and
2  the Motion for Summary Judgment is **DENIED**.
3   IT IS SO ORDERED.
4
     Dated this 16th day of April, 2014.

[signature]

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE