HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STELLAR J CORPORATION, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARGONAUT INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant.<br><br>and<br><br>UNISON SOLUTIONS, INC., an Iowa corporation,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA; XCHANGER, INC., a Minnesota corporation; and RHODE BROTHERS, INC., a Wisconsin corporation,<br><br>Third-Party Defendants. | CASE NO. 3:12-cv-05982 RBL<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

THIS MATTER is before the Court on Defendant Unison Solutions' Motion to Dismiss Stellar J's fraud claim. Stellar J's Second Amended Complaint alleges that Unison concealed the defective nature of its "SulfrStrip" sulfur removal technology which was installed at the Klickitat Public Utility District No. 1 (KPUD) jobsite. Stellar J claims that it relied on Unison's expertise in sulfur removal technology to its detriment, as it had to spend millions of dollars replacing the SulfrStrip. Unison moves to dismiss the fraud claim pursuant to Rules 9(b) and 12(b)(6) arguing that Stellar J has failed to plead facts with requisite particularity.

## I.    Background

In 2008, KPUD hired Applied Filter Technology (AFT) to construct landfill gas cleaning and compression equipment at the H.W. Hill Landfill. The objective was to draw methane from the landfill, compress the gas, filter out impurities, and convert it to useable energy. AFT assigned the agreement to Stellar J, when it could not obtain the required bonding. Unison was the subcontractor responsible for the bulk of the work involving the cleaning and compression equipment. As part of the package, Unison and AFT cooperatively designed and manufactured the SulfrStrip system[1] which was supposed to use a chemical process to remove sulfur particulates from the landfill gases. The SulfrStrip did not operate properly, and Stellar J temporarily replaced it with a media-based (as opposed to a chemical-based) sulfur removal system in order to keep the project on schedule. Stellar J claims it spent at least $2.6 million replacing the faulty system.

During discovery, Stellar J learned that Unison and AFT had previously designed and manufactured another SulfrStrip system for the "City Brewery" project in LaCrosse, WI. The

---

[1] The extent of Unison's role in designing and manufacturing the SulfrStrip is still in dispute.

SulfrStrip system did not work on that project, either, and it too had to be replaced with a media-based sulfur removal system.

Stellar J's Second Amended Complaint alleges that Unison was aware that SulfrStrip was unreliable and knew that it would impose additional costs on Stellar J. Stellar J further claims that Unison affirmatively represented its SulfrStrip system would perform the required functions, or alternatively, that Unison failed to disclose SulfStrip's defects where it had a duty to do so. Stellar J claims that it relied on Unison's representations or omissions, leading to $2,644,307.21 in damages when SulfrStrip had to be replaced.

Unison seeks dismissal of this claim because it fails to state with particularity the specific circumstances of the alleged fraud as required by Rule 9(b). Stellar J responds by asserting that Unison engaged in fraudulent "concealment" rather than commission, so only Unison could possess the knowledge of the circumstances constituting fraud. In its response to the Motion to Dismiss, Stellar J points to a number of emails between Unison personnel revealing concerns about the functionality of the SulfrStrip system, and its failures at City Brewery. These were not referenced in the Complaint. Stellar J requests leave to amend its Complaint if the Court finds that it has failed to plead sufficient facts with particularity.

## II.     Discussion

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

ORDER DENYING DEFENDANT'S MOTION TO
DISMISS - 3

1  misconduct alleged." *Id.*  Although the Court must accept as true the Complaint's well-pled
2  facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise
3  proper [Rule 12(b)(6)] motion.  *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007);
4  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation
5  to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,
6  and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations
7  must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*,
8  550 U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead
9  "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at
10 1949 (citing *Twombly*).

11         Additionally, a party alleging fraud must "state with particularity the circumstances
12 constituting fraud," but "[m]alice, intent, knowledge, and other conditions of a person's mind
13 may be alleged generally."  Fed.R.Civ.P. 9(b).  To comply with Rule 9(b), allegations of fraud
14 must state "the who, what, when, where, and how" of the misconduct charged. *Cafasso v.*
15 *General Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1055 (9th Cir. 2011).  This heightened pleading
16 standard ensures that defendants have adequate notice of the alleged misconduct so that they can
17 defend against the charge and are not left to simply deny that they have done anything wrong.
18 *Kerns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2008).  "A pleading is sufficient under
19 Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an
20 adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-72 (9th Cir.
21 1993) (*citing Gottreich v. San Francisco Inv. Corp.*, 552 F.2d 866, 866 (9th Cir. 1977)) (internal
22 quotations omitted).

23
24

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Though Stellar J's amended Complaint fails to specify the "who, what, when, where, and how" of the alleged fraud, it has the material to easily remedy the deficiencies. A potentially viable claim should not be dismissed entirely for failing to meet the pleading requirements of Rule 9(b), when an amended pleading could easily remedy the Defendant's objections without prejudice.

Unison's Motion to Dismiss is **DENIED.** Stellar J should amend its Complaint to allege the specifics of its fraud claim within 21 days of this Order.

IT IS SO ORDERED

Dated this 23rd day of July, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE